United States District Court
Southern District of Texas
**ENTERED**
April 05, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, TDCJ #2019190, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0693 |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Michael G. Peters (TDCJ #2019190), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Peters has filed a petition for an "Emergency Writ of Habeas Corpus" ("Petition") (Docket Entry No. 1), challenging a state court conviction from Montgomery County. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action for the reasons explained below.

### I.  Procedural History

On April 30, 2015, Peters was convicted of retaliation in Montgomery County cause number 14-07-08207-CR and sentenced to 35 years' imprisonment.[1] Peters has filed a direct appeal from his conviction, which remains pending in state court.[2]

---

[1]Texas Dep't of Criminal Justice website located at https//offender.tdcj.texas.gov (last visited April 4, 2016).

[2]<u>Michael Geoffrey Peters v. State of Texas</u>, No. 09-15-00166-CR, Ninth Court of Appeals website located at http://www.txcourts.gov/9thcoa.aspx (last visited April 4, 2016).

Peters now seeks habeas corpus relief in this court. In his pending Petition, Peters contends that he is innocent and that his conviction was the result of a corrupt conspiracy. Because Peters's conviction is still on direct appeal, his Petition must be dismissed as premature.

## II. Discussion

Under the governing federal habeas corpus statutes "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." Moore, 454 F.3d at 491 (quoting Vasquez v. Hillery, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas a criminal defendant may challenge a conviction in two ways: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

It is evident that Peters's direct appeal remains pending in an intermediate state appellate court and that the challenged conviction is not yet final. As such, the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending Petition. Because state process remains available,

Peters does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this court to defer until the Texas Court of Criminal Appeals has addressed the merits of petitioner's claims. Accordingly, the court will dismiss this case as premature.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate that the petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for an Emergency Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 5th day of April, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE